# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SHANNON LETTERLOUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-cv-00156-SRB |
| ) | |
| DARREN HALL, ) | |
| ) | |
| Defendant/Counterclaimant, ) | |
| and Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Third-Party Defendant/Counterclaimant. ) | |

## **ORDER**

Before the Court is the Motion of the United States to Substitute and to Dismiss Counterclaim. (Doc. #7.) For the reasons set forth below, the motion is GRANTED.

### I. FACTUAL BACKGROUND

The following facts are taken from the parties' pleadings in this case, without further quotation or attribution unless otherwise noted.

On December 26, 2018, Plaintiff Shannon Letterlough ("Letterlough") was driving a United States Postal Service ("USPS") truck. Letterlough alleges that she came to a full stop, looked both ways, and attempted to make a left-hand turn. Defendant Darren Hall's ("Hall") vehicle then struck Letterlough's vehicle. Letterlough alleges that a witness saw Hall "driving at a high rate of speed and did not have his headlights on making it impossible for [Letterlough] to see [Hall] in time to avoid a collision." (Doc. #1-1, p. 2, ¶ 11.)[1]

---

[1] All page numbers refer to the pagination automatically generated by the CM/ECF system.

On May 5, 2020, Letterlough filed this case against Hall in the Circuit Court of Jackson County, Missouri.  Letterlough's complaint asserts claims for negligence (Count I), and negligence per se (Count II).  Hall responded by filing an answer, a counterclaim against Letterlough for negligence, and a third-party claim against the United States of America (the "United States") for vicarious liability.  Hall alleges that the United States is vicariously liable for damages pursuant to the Federal Tort Claims Act ("FTCA") because Letterlough was acting in the course of her employment with the United States at the time of the accident.  *See* 28 U.S.C. §§ 2671-2680.

On March 11, 2021, the United States removed the case to this Court.  The Notice of Removal states that "[t]he federal district court[s] of the United States are vested with exclusive jurisdiction over actions brought under the FTCA.  28 U.S.C. § 1346(b)(1)."  (Doc. #1, ¶ 5.)  The United States now moves to be substituted in place of Letterlough regarding Hall's counterclaim, and to "dismiss said counterclaim as redundant and duplicative of the third-party claim against the United States already asserted in this action."  (Doc. #7, p. 5.)  Hall opposes the motion, and the parties' arguments are addressed below.

## II.  LEGAL STANDARD

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citations and quotations omitted).  "In 1946, Congress passed the [FTCA], a limited waiver of the United States's sovereign immunity, to permit persons injured by federal-employee tortfeasors to sue the United States for damages in federal district court."  *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011).

If a federal employee is sued for such torts, the United States must be substituted in his or her place. In particular, "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose . . . the United States *shall* be substituted as the party defendant." 28 U.S.C. § 2679(d)(1) (emphasis supplied); *see also* 28 U.S.C. § 2679(b)(1). "[T]he only proper party in an action under the FTCA is the United States, not . . . federal officials or employees." *Doe v. United States*, 210 F. Supp. 3d 1169, 1173 (W.D. Mo. 2016) (citations and quotation marks omitted).

## III.  DISCUSSION

In this case, the United States argues that because "Hall's counterclaim asserts tort claims against Letterlough arising from her capacity as a federal government employee, Hall's counterclaim must be brought, if cognizable at all, under the FTCA," and "the only properly named defendant in an FTCA action is 'the United States of America.'" (Doc. #7, p. 3.) Hall argues the motion must be denied because the United States's answer denies that Letterlough was acting within the course of her USPS employment at the time of the accident. Hall further notes that Lettlerlough's answer states that she lacks sufficient knowledge or information on this issue. Hall contends that "[a]bsent a clear admission and undisputed fact that Letterlough was within the course and scope of her employment with the United States, the claims against her cannot be dismissed." (Doc. #9, p. 4.)

Upon review, the Court finds that the United States's motion should be granted. The motion states that "the designee of the U.S. Attorney for the Western District of Missouri has certified that Letterlough, at all times material to Hall's allegations, was acting within the scope of her duties as an employee of the USPS[.]" (Doc. #7, p. 2.) This certification is "prima facie

3

evidence that the [federal] employee's challenged conduct was within the scope of employ." *Brown v. Armstrong*, 949 F.2d 1007, 1012 (8th Cir. 1991). A party who challenges the certification "must come forward with specific facts rebutting the government's scope-of-employment certification." *Id.*; *see also Anthony v. Runyon*, 76 F.3d 210, 215 (8th Cir. 1996).

In this case, Hall has not presented any evidence that Letterlough was acting outside the scope of her federal employment. To the contrary, Hall specifically alleges that Letterlough was acting within the course and scope of her employment. In addition, the United States's reply brief states that its earlier denial of Hall's course and scope of employment allegation was a typographical error. The United States notes this error is apparent from three other allegations that it specifically admitted. Those admissions include that Letterlough "was acting within the course and scope of her employment or agency" with the United States, that she had authority from the United States to operate the USPS truck, and that the United States instructed Letterlough to operate the USPS truck at the time of the accident. (*See* Doc. #1-2, p. 7, ¶¶ 10-12; Doc. #8, pp. 8-9, ¶¶ 10-12.) Finally, and notwithstanding any typographical error, the Court agrees with the United States that "a pleading allegation does not constitute evidence to set aside the United States' certification." (Doc. #13, p. 6.) Under all these circumstances, the Court finds that the motion should be granted.

## IV. CONCLUSION

Accordingly, the Motion of the United States to Substitute and to Dismiss Counterclaim (Doc. #7) is GRANTED. It is hereby ORDERED that the United States is hereby substituted in place of Letterlough regarding Hall's counterclaim against Letterlough, and this counterclaim is DISMISSED as redundant and duplicative of Hall's pending third-party claim against the United States.

4

Case 4:21-cv-00156-SRB   Document 14   Filed 04/16/21   Page 4 of 5

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: April 16, 2021